IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

JOSEPH R. TOMELLERI,

          Plaintiff,

v.                           CIVIL ACTION NO.  5:19-cv-00895

BLUESTONE LAKE MARINA, LLC.,

          Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Bluestone Lake Marina, LLC's "("Bluestone") Motion to Set Aside Default [Doc. 13], filed November 25, 2020.

### I.

On October 1, 2020, Plaintiff Joseph R. Tomelleri moved the Clerk for entry of default, contending that Bluestone had failed to file a responsive pleading after accepting service of the Summons and Complaint on February 24, 2020. Mr. Tomelleri alleged that Bluestone's receptionist had accepted service on this date. The Clerk entered default as requested on October 5, 2020. [Doc. 10].

Bluestone now moves to set aside default inasmuch as it contends it first became aware of this civil action after it received the Entry of Default on October 15, 2020. Specifically, Bluestone contends that it did not accept service of the Summons and Complaint on February 24, 2020, given that its business was closed. Bluestone asserts that it is a seasonal enterprise conducting business from April 15 through October 15. Consequently, Bluestone contends that no member, agent, or employee would have been present in February 2020 to accept service. In

support of these assertions, Bluestone has attached an affidavit of its managing member, Charlie Brown [Doc. 13-1], and a photograph of its business sign evidencing its seasonal operations. [Doc. 13-2]. Moreover, Bluestone contends that its website clearly states that it is a seasonal business, opened from April 15 through October 15. Accordingly, Bluestone asserts that good cause exists to set aside default. Mr. Tomelleri did not respond.

## II.

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside entry of default for good cause." The inquiry hinges upon "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Moreover, our Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Id.*

Although Bluestone has not proffered facts supporting a meritorious defense, it (1) acted with reasonable promptness, (2) does not appear to bear any responsibility for the entry of default, and (3) lacks a history of any dilatory action. Additionally, Mr. Tomelleri has not alleged any prejudice resulting from the proposed set aside. The Court likewise detects none.

## III.

Accordingly, the Court **GRANTS** Bluestone's Motion to Set Aside Default [**Doc. 13**]. It is **ORDERED** that Bluestone answer or otherwise respond to the Complaint on or before

December 26, 2020.

      The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented party.

      ENTERED: December 17, 2020

Frank W. Volk
United States District Judge